UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


STATE FARM FIRE AND CASUALTY COMPANY                    PLAINTIFF


v.                                        CIVIL ACTION NO. 3:10CV-141-S


ACCURATE DRUG & DNA TESTING CORPORATION, et al.          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Accurate Drug & DNA Testing Corporation ("Accurate"), to dismiss this action for declaratory judgment. For the reasons stated herein, the motion will be denied.

The defendant, Jennifer Golde, filed a complaint in the Jefferson Circuit Court alleging that she was required to disrobe and urinate in view of an employee of Accurate when submitting to court-ordered drug tests. Compl., ¶ 12. She alleges that her constitutional rights were violated by this conduct which she claims amounted to a strip search, and that she suffered embarrassment, humiliation, and mental and emotional distress as a result. Compl., ¶¶ 12, 17, 30. She also claims that she suffered an invasion of her privacy. Compl., ¶ 25. She contends that Accurate's conduct was negligent and/or grossly negligent and/or malicious and intentional. Compl., ¶ 21 (Count II-negligence/gross negligence); ¶ 17 (Count I - intentional, wanton and malicious indifference to constitutional rights). She further alleges that Accurate was negligent in its supervision of its employees. Compl., ¶¶ 27, 28. Golde also seeks to represent others allegedly subjected to the same treatment. Compl., ¶¶ 4-7 (class action allegations).

Accurate maintained a business insurance policy (Policy No. 97-EE-4358-8) issued by State Farm Fire and Casualty Company. State Farm filed the present action (the "federal complaint") seeking declaratory judgment that it has no duty under the business policy to defend or indemnify Accurate in the state court suit. State Farm named both Accurate and Golde as defendants in the action.[1] State Farm is presently defending Accurate in the state action under a reservation of rights.

State Farm contends that there is no coverage, as the claims by Accurate do not fall within one of the policy's defined categories of "bodily injury," "personal injury," "property damage," or "advertising injury." Additionally, State Farm urges that there was no "occurrence," so there can be no coverage under the policy. Finally, it urges that certain exclusions for expected or intended injury or willful or malicious conduct preclude coverage for Golde's claims. Compl. for Dec. Rel., ¶¶ 20-28.

Accurate has moved to dismiss the federal complaint for declaratory judgment on the ground that the court should, in its discretion, decline to exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201.

The Declaratory Judgment Act (the "Act") states that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States... may declare the rights and other legal relations of any interested party seeking such declaration....Any such declaration shall have the force and effect of a final judgment...and shall be reviewable as such." 28 U.S.C. § 2201(a). The Act is an enabling act, which extends the jurisdiction of the Court beyond the jurisdictional basis initially required. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). While the Act authorizes district courts to exercise jurisdiction, it does not mandate or impose a duty

---

[1] There is no return of service on Golde in the record and she has not answered or otherwise responded to the complaint.

to do so.  *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.,* 373 F.3d 807, 812 (6th Cir.2004).  The

Act confers on the "federal courts unique and substantial discretion in deciding whether to declare

the rights of litigants." *Wilton*, 515 U.S. at 286.

In *Scottsdale Insurance Company v. Flowers*, 513 F.3d (6th Cir. 2008), the United States

Court of Appeals for the Sixth Circuit recited and applied the five factors articulated in *Grand Trunk*

*W. R.R. Co. v. Consol. Rail Co.,*  746 F.2d 323, 326 (6th Cir. 1984) and its progeny in determining

whether a court properly exercises its jurisdiction under the Act.  The five factors are:

>  (1)  whether the declaratory action would settle the controversy;
>
>  (2)   whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
>  (3)  whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"
>
>  (4)  whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
>  (5)  whether there is an alternative remedy which is better or more effective.

*Id.*

In *Scottsdale*, the court distinguished between insurance coverage cases in which the

declaratory judgment rested on an analysis of facts also pertinent in a pending state action, and cases

which involved matters of law not presented in the state case.  *Id.*  at pp. 555-56.  For example, in

a case in which the pivotal question was whether the plaintiff in the state action was an employee

of the insured, the U.S. district court declined to exercise jurisdiction.  *Bituminous Casualty Corp*

*v. J & L Lumber Co.*, 373 F.3d 807, 813-14 (6th Cir. 2004).  By contrast, where the insurer was not

a party to the state court action, and facts addressed to the scope of coverage and duty to defend

were matters not before the state court, the federal district court was properly within its discretion

to exercise jurisdiction. *Northland Insurance Company v. Stewart Title Guaranty Company*, 327 F.3d 448, 454 (6th Cir. 2003).

We find this case most closely resembles *Northland*, *supra*., inasmuch as the question of whether the claims fall under any of the coverage provisions or are otherwise excluded under the policy does not turn on resolution of facts being developed in the state action.

Golde has alleged in the state complaint that she suffered embarrassment, humiliation, mental and emotional distress, and an invasion of her privacy as a result of Accurate's conduct.[2]  The question whether these claims come within the ambit of the policy is a matter which may be determined by this court without encroachment upon state court jurisdiction.  Resolution of the declaratory action will settle the matter between State Farm and Accurate as to both the question of coverage and the duty to provide a defense in the state case.  This clearly serves a useful purpose, although it would not settle the underlying litigation between Golde and Accurate.  As noted in *Northland, supra.,* however, if there was, in fact, no duty to indemnify or defend under the terms of the policy, the insurer should not be forced to participate in the state action.  *Id.,* at 454.  The federal complaint shows no earmarks of "procedural fencing." *Id.*  "[T]he mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1067 (6th Cir.1987).  Further, intervention by State Farm in the state case for the purpose of raising these coverage questions would be no more effective than the present declaratory judgment action in efficiently resolving these matters.  *Id.*

---

[2]Accurate urges in its brief that Golde has claimed "bodily injury."  No such claim appears in the complaint.  Neither are facts alleged that would support such a claim.  Additionally, Accurate contends "Accurate's intentions respecting its drug-testing protocol" will be "pivotal to the coverage question." Mo. to Dis., p. 8.  However, the truth or falsity of Golde's claims that Accurate engaged in intentional or malicious conduct is immaterial to the determination whether intentional or malicious conduct is excluded under the policy terms.  Finally, Golde's class allegations do not preclude this court from declaring the rights of the parties to this action.

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Accurate Drug & DNA Testing Corporation, to dismiss the action (DN 13) is **DENIED.**

**IT IS SO ORDERED.**